ELLEN H. BRIGGS *vs.* MIRIAM W. HAYNES.

68  535
87  117

Penobscot.   Decided December 3, 1878.

*Fences.   Partition fences.*

Two or more  several owners and occupants of lands adjoining the land of another can not legally join in an application to fence viewers for a division of the partition fences.

To make valid the division and impose upon a party the burden of building the part of the partition fence assigned to him, within the time fixed by the fence viewers, it must appear that they delivered to such party their assignment in writing at the time it was made.

Before a legal demand can be made on a party for the value of the part of the partition fence assigned to him by fence viewers, which he failed to build in the time fixed by them, and which was built by the adjoining owner and occupant, it must appear that such fence has been duly adjudged by the fence viewers to be sufficient, and that they duly appraised the value thereof and gave the party to be charged due notice of such adjudication and appraisal.

ON REPORT.

CASE, under the statute regulating division fences, to recover double the value of a fence built by the plaintiff.

*L. Barker, T. W. Vose & L. A. Barker,* for the plaintiff.

*C. N. Hersey,* for the defendant.

LIBBEY, J.   This action is brought under §§ 5 and 6, c. 22, R. S., to recover double the value of that part of the division fence between the lands of the parties, assigned to the defendant and built by the plaintiff.

To maintain the action, the plaintiff must show a compliance with the provisions of the statute.

I. It is objected that the applicants to the fence viewers were not joint occupants or owners of land adjacent to the defendant's land, and therefore had no right to join in the application.  They were not joint but several occupants and owners of lands adjacent to the defendant's land; the plaintiff owning the front part of lot 71, seventy-seven feet and four inches in depth, and Seavey the

rear part, one hundred and fifty-four feet and two inches in depth ; and the defendant owned lot 69, adjoining.

The applicants had no right to join in their application to the fence viewers. The statute does not authorize it. The plaintiff had no interest in the disagreement between Seavey and the defendant ; nor had Seavey in the disagreement between the plaintiff and defendant. They had no more right to join in the application than they would have had if they had been several owners and occupants of land on opposite sides of the defendant's lot.

II. It is objected that the defendant had no notice of the division of the fence by the fence viewers.

The statute provides that the fence viewers, " after reasonable notice to each party, may, in writing under their hands, assign to each his share thereof, and limit the time in which each shall build or repair his part of the fence, not exceeding thirty days."

To make valid the division, and impose upon a party the burden of building the part assigned to him within the time fixed by the fence viewers, it must appear that they delivered to such party their assignment in writing at the time it was made, so that he may know the part he is required to build, and have the whole time limited by them in which to build it. It is not sufficient if they keep it till the last day before the time expires and then deliver it to him, or that it be recorded some days after it is made. The evidence fails to show that the defendant had any notice of the assignment other than that implied from the record made the day after the assignment was made. This was not sufficient. *Abbott* v. *Wood*, 22 Maine, 541.

III. It is further objected that the defendant was not notified of the adjudication of the fence viewers that the fence built by the plaintiff was sufficient, and of their appraisal thereof. She was entitled to notice of these facts before a legal demand could be made on her. *Abbott* v. *Wood, supra.*

The only notice of these facts, which the evidence tends to prove was given to her, was a copy of the adjudication and appraisal made by the plaintiff's attorney and delivered to her at the time the demand was made. The plaintiff's attorney had no

authority to make and certify a copy. The defendant was not charged with knowledge of the original by such copy, and was not required to act upon it.

*Plaintiff nonsuit.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.